## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD DANDAR,     )
     Petitioner,   )
           )
     v.       )  **C.A. No. 08-60 Erie**
           )
MARK KRYSEVIG, et al.,   )
     Respondents.  )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.  RECOMMENDATION

It is respectfully recommended that the following motions filed by Plaintiff be denied:

   1.  "Motion for Declaratory Relief" [Document # 73]
   2.  "Motion for Declaratory Relief-Injunctive-TRO Relief" [Document # 77]
   3.  "Motion for Declaratory Judgment - TRO" [Document # 78]
   4.  "Motion for TRO-Declaratory-Injunctive Relief" [Document # 80]
   5.  "Motion for Declaratory Relief" [Document # 94]
   6.  "Motion for Declaratory Judgment" [Document # 102]
   7.  "Motion for Declaratory Relief" [Document # 103]
   8.  "Motion for Declaratory Relief" [Document # 104]
   9.  "Motion for Declaratory Relief" [Document # 105]
   10.  "Motion for Declaratory Judgment" [Document # 106]

## II.  REPORT

### A.  Relevant Procedural and Factual History

Petitioner Ronald Dandar, an inmate at the State Correctional Institution at Cresson,

Pennsylvania ("SCI-Cresson"), initiated this action by filing a petition for writ of *habeas corpus*

on February 25, 2008, challenging his underlying criminal trial and conviction.  The Erie

County District Attorney filed a response to the habeas petition on June 9, 2008.  Since then,

Petitioner has inundated this Court with a plethora of motions and requests, each of which

consists of a rambling compilation of disjointed allegations that are often difficult to

comprehend.  The Court attempted to address many of these motions by telephone hearing

conducted on October 9, 2009; however, at the outset of the hearing, Petitioner voiced his

displeasure at having the motions addressed orally and requested that all of his motions be

decided on the basis of written documents, without a hearing. (See Document # 81, Minute Entry of October 9, 2009 hearing, and Document # 82, Hearing Transcript). As a result, the Court ordered the Respondents to file written responses to the motions that were pending at the time of the hearing, and responses have since been filed. Before those motions could be addressed, however, Petitioner persisted in filing a number of additional motions, to which responses haven't been filed. Nonetheless, these motions essentially repeat the allegations and/or relief requested in Petitioner's earlier motions and, thus, no additional responses are warranted. Accordingly, Petitioner's motions are now ripe for consideration.[1]

At present, there are ten motions pending. The following is a list of these motions, including a brief description of each motion's subject matter:

1.  Document # 73 is entitled "Written Court Order Declaratory Relief" and seeks an order allowing Petitioner access to his legal materials, personal hygiene items and prescribed medical devices, which he claims Respondents have refused him in retaliation for exercising his Constitutional rights.

2.  Document # 77 is entitled "Declaratory Relief - Injunctive - TRO Relief" and appears to challenge the removal of Petitioner's Z-code status and his subsequent confinement in the restricted housing unit ("RHU"), by, or at the direction of, "mental health advisor Deena Martinez."

3.  Document # 78 is entitled "Declaratory Judgment - TRO - Temporary Injunction - Imminent Danger" and, again, challenges the removal of Petitioner's Z-code status and his subsequent confinement in the RHU. In particular, Petitioner claims that the removal of his Z-code status has denied and/or delayed his access to the courts

4.  Document # 80 is entitled "TRO - Declaratory - Injunctive Relief - Imminent Danger" and challenges the removal of Petitioner's Z-code status and his subsequent RHU confinement, on due process grounds.

5.  Document # 94 is entitled "Declaratory Relief - Federal State Grand Jury - Statewide In Camera Tool" and appears to seek an order compelling the Pennsylvania Attorney General to turn over

---

[1]

Petitioner's motions docketed at Document ## 72 and 74 have been more appropriately addressed by separate text order issued on December 29, 2009.

various court records and videos "regarding operation ve code - security match-up."

6.      Document # 102 is simply entitled "Declaratory Judgment" and appears to state a negligence and/or due process claim related to the loss, mis-placement, or destruction of certain state court records.

7.      Document # 103 is entitled "Protected Right - Declaratory Relief" and contains allegations substantially similar to those contained in Document # 94 regarding "operation ve code - security match-up."

8.      Document # 104 is entitled "Declaratory Relief - Irreparable Harm" and seeks an order compelling the chief psychiatrist to "correct Petitioner's mental health records" in an apparent attempt to regain his Z-code status.

9.      Document # 105 is entitled "Declaratory Relief" and contains allegations substantially similar to those contained in Document # 102.

10.     Document # 106 is entitled "Declaratory Judgment" and contains a series of bizarre allegations regarding "traditional hate crimes statutes," "operation code: i-TAP-ATT-SCU-04," an "imminent threat to the President of the United States Barack Obama," staff-assisted suicides, the use of tear gas, and the smearing of feces "all over cells."

Respondents argue that the only issue Petitioner is permitted to raise in this habeas proceeding is whether he is in custody in violation of the Constitution and, thus, all of the foregoing motions raise legal issues/claims over which this Court is without jurisdiction to address. Accordingly, Respondents contend that Petitioner must raise such claims in a separate civil rights action under 42 U.S.C. § 1983, if he wishes to pursue them. To the extent the foregoing motions seek relief other than injunctive relief to avoid irreparable harm, the Court agrees. As a result, the motions at Document ## 94, 102, 103, 104, 105, and 106 should be dismissed without prejudice to Petitioner's right to assert the legal claims raised in said motions in a separate civil rights action, if he so chooses.

With regard to Document ## 73, 77, 78, and 80, all of said motions seek injunctive relief, claiming irreparable harm and, thus, must be addressed separately under the appropriate legal standard.

3

**B.      Standard of Review - Injunctive Relief**

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. <u>Fink v. Supreme Court of Pennsylvania</u>, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. <u>Clean Ocean Action v. York</u>, 57 F.3d 328, 331 (3d Cir. 1995); <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." <u>Hoxworth v. Blinder, Robinson & Co. Inc.</u>, 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. <u>Marxe v. Jackson</u>, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Petitioner will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").

Petitioner bears this burden of showing irreparable injury. <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 848 (1989). In fact, Petitioner must show <u>immediate</u> irreparable injury, which is more than merely serious or substantial harm. <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." <u>Dice v. Clinicorp, Inc.</u>, 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote

4

future injury...."  Acierno, 40 F.3d at 655 (citation omitted).

**C.     Discussion**

Petitioner has failed to meet his burden of showing immediate irreparable injury in the context of any of his pending motions seeking injunctive relief, as more fully discussed below.

**1.      Document # 73**

The motion docketed as Document # 73 seeks an order allowing Petitioner access to his legal materials, personal hygiene items and prescribed medical devices, which he claims Respondents have refused him in retaliation for exercising his Constitutional rights.  In response, Respondents state that Petitioner was given an opportunity to review and exchange legal materials on June 16, 2009, but he refused. (See Document # 86, Respondents' response to Document # 73, at ¶ 5 and Exhibit A2).  Moreover, Petitioner's unit manager, Michelle Houser has submitted a Declaration certifying that Petitioner "has never made a request to exchange his property for another box ... [n]or has he requested more frequent exchanges based on his litigation needs." (See Houser Declaration attached as Exhibit B to Document # 86, at ¶ 2).  In addition, Ms. Houser declares that, although Petitioner "has certain items of personal property in storage consisting of knee sleeves, a cervical collar and an air splint"..., he "has never submitted a request to be permitted these items based on medical need" while in disciplinary custody. (Id. at ¶ 3).  Ms. Houser declares further that Petitioner "has been given soap and shampoo while in RHU," and that his "RHU records also reveal numerous refusals to shower." (Id.).  Based on the foregoing evidence, it is clear that Petitioner has failed to demonstrate immediate irreparable injury resulting from the claims set forth in Document # 73.

**2.      Document ## 77, 78, and 80**

The motions docketed at Document ## 77, 78, and 80 all seek to have Petitioner's Z-

code status restored; however, Petitioner has failed to allege any immediate irreparable harm that either has resulted, or is likely to result, from the removal of his Z-code. The only alleged "harm" that Petitioner claims to have suffered is "delayed access to the courts." (Document # 78 at p. 1). However, Petitioner has failed to demonstrate how the removal of his Z-code has or will, in any way, affect his access to the courts. Instead, Petitioner is complaining that his placement in the RHU has kept him from having "meaningful and adequate access to his legal materials;" however, Petitioner is in the RHU due to his refusal to be placed in general population without his Z-code. Thus, Petitioner has essentially caused his own "harm." Moreover, Petitioner has not alleged that he missed any court deadlines as a result of the removal of his Z-code status. Accordingly, he has failed to substantiate his access to courts claim in any event.

Based on the foregoing, Petitioner's requests for injunctive relief contained in his motions docketed at Document ## 73, 77, 78, and 80, should be denied.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the following motions filed by Plaintiff be denied:

1.    "Motion for Declaratory Relief" [Document # 73]
2.    "Motion for Declaratory Relief-Injunctive-TRO Relief" [Document # 77]
3.    "Motion for Declaratory Judgment - TRO" [Document # 78]
4.    "Motion for TRO-Declaratory-Injunctive Relief" [Document # 80]
5.    "Motion for Declaratory Relief" [Document # 94]
6.    "Motion for Declaratory Judgment" [Document # 102]
7.    "Motion for Declaratory Relief" [Document # 103]
8.    "Motion for Declaratory Relief" [Document # 104]
9.    "Motion for Declaratory Relief" [Document # 105]
10.   "Motion for Declaratory Judgment" [Document # 106]

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely

file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d
187 (3d Cir. 2007).


                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge


Date:   January 4, 2010

cc:     Honorable Sean J. McLaughlin
        United States District Judge