IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR, | ) |
| Petitioner, | ) Civil Action No. 1:08-cv-00060 |
| v. | ) |
| | ) District Judge McLaughlin |
| MARK KRYSEVIG, et al., | ) Magistrate Judge Baxter |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner Ronald G. Dandar has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition is at least the fourth federal habeas petition that he has filed with this Court in which he has challenged the sentence of imprisonment imposed upon him on February 6, 2004, by the Court of Common Pleas of Erie County. Because he did not receive from the United States Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A), I recommend that it be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

**A.    Relevant Factual and Procedural History**

On March 21, 1983, an Erie County jury convicted Petitioner at Criminal Docket Nos. 1982-1462 through 1467 of various crimes, including criminal attempt, unsworn falsifications, tampering with records, forgery, theft by deception, and criminal attempt at forgery. On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15-30 years, plus 30 years of probation. (See 8/31/1983 Tr. at 31-35). Petitioner received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982. (Id.)

1

Petitioner appealed to the Superior Court of Pennsylvania, and that court affirmed on December 13, 1985. The Pennsylvania Supreme Court denied a petition for allowance of appeal on June 12, 1989, and Petitioner did not seek *certiorari* in the United States Supreme Court. (See Commonwealth v. Dandar, No. 662 WDA 2004, slip op. at 2-4 (Pa.Super. Apr. 15, 2005) (summarizing procedural history) (located in the State Court Record ("SCR") at Item No. 186)).

Petitioner filed a series of state collateral appeals, all of which were denied. (See id. at 2). On or around July 6, 2000, he filed a post-conviction motion pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). While that PCRA motion was pending, the Pennsylvania Board of Probation and Parole (the "Board") granted him parole and he was released on or around November 7, 2000. The Court of Common Pleas eventually denied the pending PCRA motion, and on or around May 1, 2001, the Superior Court affirmed on the basis that the motion had not been timely filed.

On or around July 23, 2002, Petitioner (who was on parole at the time) filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the August 31, 1983, judgment of sentence. That petition was docketed as Dandar v. Commonwealth, et al., 1:02-cv-222 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Petitioner's subsequent request for a certificate of appealability. See Oct. 27, 2005, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 05-3731 (3d Cir.).

In the meantime, Petitioner was recommitted as a technical parole violator and, in addition, faced revocation of the sentences of probation that he had received at Criminal Docket Nos. 1465 and 1467 of 1982. On February 5, 2004, the Honorable William R. Cunningham presided over a revocation hearing on the sentences of probation. (2/5/2004 Hr'g Tr. at 4). At that hearing, Petitioner was informed that if Judge Cunningham revoked his probation and

2

imposed any new sentences, he could appeal that judgment of sentence within 30 days "or you would lose your right to appeal the case." (Id. at 3). The next day, on February 6, 2004, Judge Cunningham issued an order revoking the sentences of probation and sentencing Petitioner to 23 1/2 to 47 years' imprisonment. (See 2/6/2004 Hr'g Tr. at 17-19).

On or around January 5, 2004–about a month before he received his probation revocation sentence–Petitioner had filed another PCRA motion. (See SCR Item No. 186, Dandar, No. 662 WDA 2004, slip. op. at 2). The PCRA Court dismissed that motion as untimely on February 18, 2004. (Id.) Petitioner appealed and that appeal was docketed in the Superior Court at No. 662 WDA 2004. In its April 15, 2005, Memorandum affirming the denial of PCRA relief, the Superior Court noted that Petitioner had improperly raised claims regarding his February 6, 2004, judgment of sentence for the first time in his appeal of the denial of the January 2004 PCRA motion. (Id. at 2 n.1; see also SCR Item No. 195, Commonwealth v. Dandar, No. 888 WDA 2005, slip. op. at 2 n.2 (Pa.Super. Jan. 6, 2006)). The Superior Court held that claims challenging the February 6, 2004, judgment of sentence were not reviewable at that appeal, since Petitioner did not raise issues regarding that sentence in his January 2004 PCRA motion (nor could he have, as that judgment of sentence had not yet been issued when that PCRA motion was filed). (Id.)

In April 2005, Petitioner filed an appeal challenging the February 6, 2004, probation revocation judgment of sentence and that appeal was docketed at the Superior Court at No. 888 WDA 2005. (See SCR Item No. 195, Dandar, No. 888 WDA 2005, slip. op. at 2). Then, on December 7, 2005, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal of the PCRA proceeding at Superior Court action No. 662 WDA 2004.

Next, on or around December 27, 2005, Petitioner initiated in this Court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. That action was docketed as Dandar v. Good, et al., 3:05-cv-00472 (W.D. Pa.) and assigned to Judge McLaughlin, who referred the case to me. Soon thereafter, on January 6, 2006, the Superior Court issued its decision at the appeal pending at No. 888 WDA 2005. It held:

[Petitioner] appeals from the judgment of sentence imposed following the

3

> revocation of probation.… We note that his judgment of sentence was entered on February 6, 2004. No post-sentence motions were filed, and so [Petitioner] had until March 8, 2004 to file a timely appeal. See Pa.R.A.P. 903, Pa.R.Crim.P. 720. [Petitioner] did not appeal from this order until April, 2005, more than a year after the judgment of sentence became final. The issue of timeliness of an appeal is jurisdictional in nature. Commonwealth v. Edrington, 780 A.2d 721, 725 (Pa.Super. 2001). The failure to file a timely notice of appeal divests this Court of jurisdiction. Id. This appeal is patently untimely and therefore beyond our review.

(SCR Item No. 195, Dandar, No. 888 WDA 2005, slip. op. at 2 (footnotes omitted)).

Thereafter, I issued an R&R in which I recommended that the federal habeas petition that was pending before this Court in Dandar v. Good, et al., 3:05-cv-00472 be denied as untimely and procedurally barred, and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Petitioner's subsequent request for a certificate of appealability. See Oct. 22, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2916 (3d Cir.).

In February 2006, Petitioner filed another habeas corpus petition in this Court. That action was docketed as Commonwealth v. Good, et al., 1:06-cv-00046 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. In that petition, he challenged his August 31, 1983, judgment of sentence–the same judgment of sentence that he previously challenged in this Court at Civil Action No. 1:02-cv-222. He also challenged his February 6, 2004, probation revocation sentence–the same judgment of sentence that he previously challenged in this Court at Civil Action No. 3:05-cv-00472. I subsequently issued an R&R in which I recommended that the action be dismissed because the petition was a second or successive. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case. The Court of Appeals also denied a request for a certificate of appealability. See Oct. 23, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2917.

Next, in December 2006, Petitioner filed yet another habeas petition challenging his August 31, 1983, judgment of sentence and his February 6, 2004, judgment of sentence. That action was docketed as Dandar v. Commonwealth, et al., 1:06-cv-00302 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. As that habeas petition was at least the third one he had

4

filed in which he challenged those judgments of sentences, I issued an R&R in which I recommended that it be dismissed as second or successive petition. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case. The Court of Appeals also denied a certificate of appealability. See Oct. 23, 2007, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 07-2918 (3d Cir.).

After that federal habeas action concluded, Petitioner continued filing frivolous, repetitive, and nonsensical pleadings in an effort to obtain relief from his lengthy term of imprisonment. He filed the instant habeas action, and he also filed several unsuccessful PCRA and miscellaneous motions in the Court of Common Pleas and in the Superior Court. (See SCR Item No. 145B, Commonwealth v. Dandar, No. 1654 WDA 2007, slip op. at 4-7 (Pa.Super. Jan. 12, 2009) (summarizing some of Petitioner's recent state-court filings); id. at 4, describing a more recent PCRA petition as "lengthy and barely comprehensible" and "illegible and unintelligible.")). See also the Superior Court's appellate docket sheets[1] for Commonwealth v. Dandar, 1086 WDA 2009 (dismissed July 29, 2009); 1129 WDA 2009 (same); 1130 WDA 2009 (same); 1160 WDA 2009 (application for writ of habeas corpus denied October 26, 2009); 1161 WDA 2009 (same); 1162 WDA 2009 (same); and, 1743 WDA 2009 (appeal quashed on November 6, 2009).

Petitioner's instant habeas petition, like all of his submissions to this Court, is rambling, multi-paged, and largely incoherent. He is, however, expressly seeking the revocation of his February 6, 2004, judgment of sentence. [See *Petition*, Document No. 5, ¶ 3]. Thus, this is at least the fourth time he has attempted to challenge that sentence by way of a federal habeas petition.[2]

---

[1] The Superior Court's docket sheets are available for review online at <http://ujsportal.pacourts.us> and this Court takes judicial notice of them.

[2] Petitioner also has inundated this Court with numerous miscellaneous motions. For example, in two separate motions, he sought my recusal and the recusal of Judge McLaughlin. He also filed motions to stay proceedings, for release on bail, for injunctive and declaratory relief, and to compel. All of his motions have been denied. Recently, Petitioner

(continued...)

5

In addition to attacking his February 6, 2004, judgment of sentence, Petitioner also has attempted to litigate in this action numerous civil rights claims challenging conditions of his confinement. For example, in May 2009, he filed motions for injunctive relief seeking orders from this Court directing prison officials to allow him more time in the prison library and to stop discriminating against him based on his handicap. [See Document Nos. 40-41]. He also filed a motion for injunctive relief in which he complained that his Z code single-cell status was about to be rescinded. In June 2009, he complained that his Z code status had been rescinded and violated his due process rights. He further contended that he was denied use of handicapped cells and showers. This Court has denied all of these motions because they contained claims that cannot be raised in a habeas proceeding. Rather, Petitioner must raise them in a complaint under 42 U.S.C. § 1983 after he has exhausted his administrative remedies. See Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983); 42 U.S.C. § 1997e(a). Petitioner cannot circumvent the filing fee requirements of 28 U.S.C. § 1915(b)(1) by filing his requests for injunctive relief within proceedings under § 2254.[3]

### B.      Discussion

Because this is not the first federal habeas corpus petition in which Petitioner has challenged his February 6, 2004, judgment of sentence, this petition is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of AEDPA.

---

[2](...continued)
filed a motion to appoint an expert [Document No. 127] and a motion for an order that records be turned over to him [Document No. 128]. Both of these motions will be denied by separate text order following the issuance of this R&R because Petitioner is not entitled to the relief he seeks in those motions, and because this action is successive and therefore should be dismissed for lack of jurisdiction.

[3]

Since Petitioner has had three appeals or actions dismissed as frivolous, malicious, or for failure to state a claim, see Dandar v. Board of Probation, 01:02-cv-2114 (W.D. Pa.); Dandar v. Board of Probation, 01:00-cv-00327 (W.D. Pa.); and Dandar v. U.S. District Court, 01:00-cv-00186 (W.D. Pa.), he may not bring a civil action by proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies §2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

### C.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be

denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 27, 2010